UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARGARITA N. DELEON,**

    Plaintiff,

-vs-                                                                                     Case No. 14-C-82

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security**

    Defendant.

---

## DECISION AND ORDER

Margarita Deleon appeals the denial of her application for Disability Insurance Benefits and Supplemental Security Income. The Administrative Law Judge who conducted the hearing for the Social Security Administration found that Deleon suffered from degenerative disc disease, degenerative joint disease, morbid obesity, and depression, but was still able to perform sedentary work with certain limitations: use of a cane to ambulate; limited to unskilled work involving simple, routine, and repetitive tasks; and allowed to be off task 5% of the workday in addition to regular breaks.

To uphold the denial of benefits, the ALJ's decision must be supported by substantial evidence, which is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). To determine whether substantial evidence exists, the Court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014).

Deleon argues that the ALJ erred in his evaluation of the opinion evidence. For example, the ALJ gave Dr. Lyman's opinions regarding Deleon's physical limitations "little weight" because Dr. Lyman saw Deleon on "only one occasion. Therefore, it appears that he also relied quite heavily on the claimant's subjective report of symptoms and limitations in assessing her limitations. Further, as a psychologist, the doctor's opinions appear to rest at least in part on an assessment of an impairment(s) outside his area of expertise." R. 29. The ALJ's latter contention about Dr. Lyman's "area of expertise" ignores the fact that Dr. Lyman has a specialty in psychology with a *sub-specialty* in chronic pain and pain management. Indeed, Dr. Lyman's assessment that Deleon would be off-task 20% of the workday, require unscheduled breaks and miss about four days per month was based on his diagnoses of adjustment disorder with depressed mood

due to physical condition. Thus, the ALJ's assignment of "little weight" to Dr. Lyman's opinion is not supported by substantial evidence in the record. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (if a treating opinion is not given "controlling weight," the ALJ must consider a checklist of factors – the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and supportability of the physician's opinion – to determine what weight to give the opinion).

The ALJ also gave "limited weight" to the opinion of Kaylene Frey, a Certified Physician's Assistant (PA-C), who stated Deleon was limited to working 1-2 hours, 1-2 days per week. Ms. Frey's opinion is an "other source" opinion that must be evaluated using the same checklist of factors listed above. SSR 06-3p. The ALJ failed to conduct this analysis.

Those issues aside, the primary flaw that runs through the ALJ's opinion is his erroneous credibility finding. *Engstrand v. Colvin*, 788 F.3d 655 (7th Cir. 2015) (ALJ's decision "must rest on substantial evidence, untainted by an erroneous credibility finding"). The ALJ was fixated upon Deleon's obesity, explaining, for example, that her "primary limitations appear to be related to her morbid obesity," and later, that one doctor's limitation to a 2-hour workday is not supported by the overall record

"especially in light of the claimant's morbid obesity." R. 29. This line of reasoning conflicts with SSR 02-1p, which explains that the "combined effects of obesity with other impairments may be greater than might be expected without obesity." 2002 WL 34686281, at *6. The ALJ discounted Deleon's subjective complaints of disabling pain *because* she was obese, but he should have considered obesity's impact upon Deleon's residual functional capacity. Indeed, the ALJ's analysis is even more egregious in light of his finding at step 2 that Deleon's obesity was a severe impairment. *Id.* at *4 ("we will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities"). Remand is required under these circumstances. *Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding").[1]

For all of the foregoing reasons, Deleon's motion for summary

---

[1] Deleon requests an immediate award of benefits, which can be directed where the record overwhelmingly supports a finding of disability or where the delay involved in repeated remands has become unconscionable, or the agency has displayed obduracy in complying with the law. *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004). Neither circumstance exists in the instant case.

judgment [ECF No. 13] is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this **23rd** day of July, 2015.

                                            **SO ORDERED:**

                                            */s/ Rudolph T. Randa*
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**